IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

00 SEP 27 AM 10: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FIRST FEDERAL BANK, a federal savings bank, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NUMBER |
| DOVENMUEHLE MORTGAGE, INC. ) ) ) | 00-C-1420-W |
| Defendant. ) | |

**MEMORANDUM OF OPINION DENYING
MOTION TO TRANSFER**

**I.**

Plaintiff First Federal Bank ("First Federal") is a savings bank located in Tuscaloosa, Alabama. Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is a Delaware corporation with its principal place of business in Schmaburg, Illinois. The parties entered into a Subservicing Agreement ("the Agreement") on June 17, 1999. Pursuant to the Agreement, First Federal transferred numerous loans to Dovenmuehle for subservicing. The Agreement required Dovenmuehle to perform numerous services and functions with respect to First Federal loans. Various problems arose from Dovenmuehle's mismanagement of customer accounts.

First Federal filed this action on Friday, May 8, 2000 in the Circuit Court of Tuscaloosa County, Alabama. In this action, First Federal claims (1) breach of contract; (2) breach of warranty; (3) fraud; (4) promissory fraud; (5) suppression; (6) negligence; (7) negligent hiring/supervision; (8) tortious interference; and (9) termination/recession. On Monday, May 8, 2000, with full knowledge of the Alabama lawsuit, Dovenmuehle filed a separate breach of

1

contract action against First Federal in the Circuit Court of Cook County, Illinois. Dovenmuehle removed the Alabama lawsuit to federal court on May 26, 2000; however, the Illinois case remains in state court. Dovenmuehle has moved to transfer this case to the Northern District of Illinois.

## II.

As the trial court, the decision to transfer a case is within this Court's sound discretion. Brown v. Connecticut Gen. Life Ins., 934 F.2d 1193 (11th Cir. 1991). Cases are transferred to another district where the case could have originally been filed to promote the convenience of parties, witnesses, and the interest justice. 28 U.S.C. §1404(a). Undoubtedly, because the defendant's home office is in that district, this case could have been brought in the Northern District of Illinois. See 28 U.S.C. § 1404(a). Plaintiff has not contested this, and indeed could not.

The Court accords great deference to First Federal's choice of Alabama because it is in the district in which the plaintiff resides. See 28 U.S.C. § 1404(a). Thus, as the movant, Dovenmuehle has the burden of demonstrating that Illinois is a more convenient forum. See In re Ricoh Corp., 870 F.2d 570, 572 (11th Cir. 1989).

## III.

Dovenmuehle has failed to meet its burden.

An equal or greater number of potential witnesses live in Alabama as in Illinois, as most of First Federal's customers are Alabama residents. They would be inconvenienced by having to travel to Illinois as the lesser number of Illinois witnesses would be inconvenienced by having to come to Alabama. All of the original documents and records concerning the Agreement remain in Alabama.

Moreover, one of First Federal's customers has filed a class action against both First Federal and Dovenmuehle in Alabama. The class action (which is pending in this Court) involves the mismanagement of the customers account and therefore is directly related to this case.

The pending state court suit in Illinois was filed subsequent to the filing of this lawsuit. Illinois recognizes the first-to-file rule; specifically, the suit filed first is accorded privity. See Adams v. Jacobs, 950 F.2d 89, 92 (2nd Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2nd Cir. 1989). Thus, under the first filed rule, the case in this court has forum priority.

The agreement contains a choice-of-law provision. Neither party has challenged the validity of this provision; therefore, pursuant to that provision Illinois law governs. But there is no reason why an Alabama judge cannot understand and apply Illinois law.

## CONCLUSION

On consideration of all the relevant factors, the Motion to Transfer will be denied.

DONE this 26th day of September 2000.

Chief United States District Judge
U. W. Clemon

3